UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 25-3139 |
|---|---|
| Case Name | *Wilson v. Stoltenberg, et al* |
| Party or Parties Filing Notice of Appeal Or Petition | Defendants, Charlie Stoltenberg, Patrice Peoples, Harold Wingert, Chris Cunningham, Julie Dandreo, Malydia Payne, Glendy Spigle, Susan Ward, Ryan Cobbs, and April Jarboe |
| Appellee(s) or Respondent(s) | Dorlia Wilson, as next friend minor child, W.B. |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

**I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

  **A.  APPEAL FROM DISTRICT COURT**

   **1.**  Date final judgment or order to be reviewed was **entered** on the district court docket: July 30, 2025

   **2.**  Date notice of appeal was **filed**: August 13, 2025

   **3.**  State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days under Fed. R. App. P. Rule 4(a)(1)(A)

   **a.**  Was the United States or an officer or an agency of the United States a party below? No

   **b.**  Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

    N/A

    **b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

    N/A

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    No

    **b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? No

    **c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? The memorandum and order being appealed denied Appellants' qualified immunity defense raised in Appellants' Partial Motion to Dismiss and that order is therefore immediately appealable under the collateral order doctrine. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)); *United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012).

**6.** Cross Appeals.

    **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

N/A

  **b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

 **1.** Date of the order to be reviewed: N/A

 **2.** Date petition for review was filed: N/A

 **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: N/A

 **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): N/A

**C.** **APPEAL OF TAX COURT DECISION**

 **1.** Date of entry of decision appealed: N/A

 **2.** Date notice of appeal was filed: N/A
  (If notice was filed by mail, attach proof of postmark.)

 **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): N/A

 **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) N/A

**II.** **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

**A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? N/A

**B.** If the answer to A (immediately above) is yes, does the defendant also

challenge the judgment of conviction? N/A

C. Describe the sentence imposed. N/A

D. Was the sentence imposed after a plea of guilty? N/A

E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? N/A

F. Is the defendant on probation or at liberty pending appeal? N/A

G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? N/A

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

This case presents a series of § 1983 and state tort claims premised on Defendants' alleged failure to stop racial bullying. Plaintiff alleges W.B. was racially bullied by fellow students at an elementary school in Ottawa, Kansas between 2018 and 2023. Plaintiff alleges this was reported to personnel at U.S.D. 290, but the individual Defendants did not respond or take any action to address the reported bullying. Plaintiff filed suit on August 21, 2024. Plaintiff's Amended Complaint asserted claims of violation of Title VI against U.S.D. 290, violation of substantive due process and equal protection against all Defendants under 42 U.S.C. 1983 and negligent supervision claims against all Defendants under Kansas law.

Defendants filed a Partial Motion to Dismiss seeking dismissal of Counts II and III on several grounds, including asserting qualified immunity on behalf of the individual Defendants. The District Court entered its Memorandum and Order on July 30, 2025, granting Defendants' motion with respect to Count II's substantive due process and racial discrimination claims against the individual Defendants and all of Count II's *Monell*

claims against the District, but otherwise denying Defendant's motion. The District Court specifically found the individual Defendants were not entitled to qualified immunity because Plaintiff had plausibly alleged a violation of clearly established law. Because the District Court denied qualified immunity defenses raised by the individual Defendants, its memorandum and order is immediately appealable under the collateral order doctrine. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)); *United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012)

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

1. It was not clearly established in the Tenth Circuit that the individual Defendants' alleged deliberate indifference to racial harassment, as pled by Plaintiff, states an equal protection claim.

V. **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Alex S. Gilmore     Telephone: 913-392-9042

Firm: Fisher, Patterson, Sayler & Smith, LLP

Email Address: agilmore@fpsslaw.com

Address: 9393 W 110th St, Ste 300, Overland Park, KS 66210

/s/ Alex S. Gilmore     August 27, 2025

Signature     Date

# CERTIFICATE OF SERVICE

I, Alex S. Gilmore, hereby certify that on August 27, 2025, I served a copy of the foregoing **Docketing Statement**, to the following via email:

Conner Mitchell, at cam@grissommiller.com
Barry Grissom, at barry@grissommiller.com
Jacob Miller, at jake@grissommiller.com
Theodore J. Lickteig, at ted@lickteiglaw.com
Counsel for Plaintiff/Appellee

    /s/Alex S. Gilmore
Alex S. Gilmore, #27334
Fisher, Patterson, Sayler & Smith LLP
9393 W. 110th St., Suite 300
Overland Park, Kansas 66210
(913) 339-6757; Fax: (913) 660-7919
AGilmore@FPSSLaw.com
Counsel for Defendants/Appellants