No. 25-3139

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

---

**DORLIA WILSON, as next friend of minor child, W.B.**

**Plaintiff/Appellee**

**v.**

**CHARLIE STOLTENBERG, et al.**

**Defendants/Appellants**

---

## APPELLEE'S OPENING BRIEF

---

**Appeal from the United States District Court for the District of Kansas**
**Honorable Eric F. Melgren**
**Case No. 2:24-cv-02375-EFM-RES**

---

Barry R. Grissom, #10866
Conner Mitchell, #76708
Jake Miller, #28337
GRISSOM MILLER LAW FIRM, LLC
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
816-336-1213 | 816-384-1623 – fax
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

Theodore J. Lickteig, #12977
LICKTEIG LAW FIRM, LLC
12760 W 87th Street, Ste. 112
Lenexa, KS 66215
913-894-1090
ted@lickteiglaw.com

**Attorneys for Appellee**

<u>ORAL ARGUMENT REQUESTED</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................ iii

STATEMENT OF PRIOR OR RELATED APPEALS........................... v

SUMMARY OF THE ARGUMENT ......................................................1

ARGUMENT

    I.    Wilson has met the requirements to avoid the application
        of qualified immunity..............................................................2

        A. The Amended Complaint states a violation of
           Constitutional law...............................................…..............3

        B. The Constitutional law question involved was clearly
           established as a matter of Tenth Circuit law and as
           evaluated by other circuit's law as well as cases from
           the United States Supreme Court........................................3

        1. It does not matter whether the violation of the
          Equal Protection Clause occurs because of action
          or inaction.............................................................................7

        2. Tenth Circuit law, including *Murrell* and *Sturdivant*
          have clearly established a claim of deprivation of
          an Equal Protection right based on racial harassment.................9

        3. *Starrett* and *Woodward*, by their terms, are not
          limited to sex harassment cases .................................................11

        4. It is not necessary for Wilson to show that the Tenth
          Circuit has established liability under a deliberate
          indifference standard for peer racial harassment claims.............. 13

        5. Supreme Court cases, including *Brown*, and cases from
          other circuits make the asserted Equal Protection claims
          in this case clearly established................................................ 14

    II.    The Appellants request the Court to evaluate the factual

i

basis for the District Court's ruling, but that is an issue
that is outside of this Court's jurisdiction in this
interlocutory appeal………………………………………… 15

CONCLUSION                                                       18

STATEMENT OF COUNSEL AS TO ORAL ARGUMENT          19

CERTIFICATE OF COMPLIANCE                                 20

# TABLE OF AUTHORITIES

**Page**

*Ashaheed v. Currington*, 7 4th 1236 (10th Cir. 2021)........................ 10, 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)....................................... 16

*Behrens v. Pelletier,* 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773
(1996)..............................................................................................15, 16

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, (2007)................... 16

*Brown v. Bd. of Educ. of Topeka*, 349 U.S. 294, 298 (1955).................. 1, 14

*Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020)........................... 2

*Contreras v. Dona Ana Board of County Commissioners,*
965 F.3d 1114, 1135 (10th Cir. 2020)................................................. 7, 14

*Cummings v. Dean*, 913 F.3d 1227 (10th Cir. 2019)............................. 18

*Duda v. Elder*, 7 4th 899, 909 (10th Cir. 2021).................................. 16

*Ellis v. Salt Lake City Corporation,* 147 F.4th 1206, 1219
(10th Cir. 2025)................................................................................. 16

*Flores v. Henderson*, 101 F.4th 1185, 1197 (10th Cir. 2024)................... 5

*Gant ex rel. Gant v. Wallingford Bd. of Educ.*
195 F. 3d 1234, 140 (2d Cir. 1999)..................................................... 4

*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)..................................... 2

*Hope v. Pelzer*, 536 U.S. 730, 742, 122 S.Ct. 2508,
153 L.Ed.2d 666 (2002)..................................................................... 2, 6

*Leister v. Moore,* 903 F.3d 1127, 1140 (10th Cir. 2018)........................... 6

*Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010)............................. 17

*McLaurin v. Okla. State Regents for Higher Educ.,*
339 U.S. 637, 642 (1955)..................................................................1, 14

*Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238 (10th Cir. 1999)......1, 4, 5, 9, 10, 12

*Mullenix v. Luna,* 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015)................... 7

*Noland v. McAdoo*, 39 F.3d 269, 271 (1994)..........................................4

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009)...................................2

*Ramirez v. Department of Corrections,* 222 F.3d 1238,
1243-44 (10th Cir. 2000)................................................................ 11

*Ricketts v. Wake Cnty. Pub. Sch. Sys.*, 125 F.4th 507
(4th Cir. 2025).............................................................................. 4

*Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174
(10th Cir. 2007).............................................................................. 4

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247
(10th Cir. 2008)............................................................................ 17

*Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013)............. 16

*Ryan v. City of Shawnee,* 13 F.3d 345 (10th Cir. 1993)...........................1, 9

*Sawyers v. Norton*, 962 F.3d 1270, 1281 (10th Cir. 2020)....................... 15

*Schrock v. Wyeth, Inc.* 727 F.3d 1273, 1280 (10th Cir. 2013)................... 18

*Shivley v. Green Local School Dist. Bd. of Educ.,*
579 Fed.Appx. 348 (6th Cir. 2014)...................................................... 5

*Starrett v. Wadley*, 876 F.2d 808 (10th Cir. 1989)..........................11, 12, 13

*Sturdivant v. Fine*, 22 F.4th 930, 935 (10th Cir. 2022).............. 1, 2, 10, 11, 13

*Tachias v. Sanders*, 130 4th 836, 841-42 (10th Cir. 2025)....................... 15

*Teetz ex rel. Lofton v. Stepien*, 142 F.4th 705, 718
(10th Cir. 2025)............................................................................ 16

*Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014)....................... 6

*United States v. Lanier*, 520 U.S. 259, 271 (1997)................................13

*Washington v. Davis*, 426 U.S. 229 (1976)..........................................8

*Watson v. City of Kansas City, Kan.*, 857 F.2d 690
(10th Cir. 1988)............................................................................8

*White v. Pauly,* 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017)....................6

iv

*Woodward v. City of Worland,* 977 F.2d 1392 (10th Cir. 1992)................6

**OTHER AUTHORITIES**

Black's Law Dictionary (8th Ed. 2004)................................................. 8

## STATEMENT OF PRIOR OR RELATED APPEALS

There are no prior or related appeals to this matter.

# SUMMARY OF ARGUMENT

The District Court correctly denied qualified immunity to the Individual Defendants. At the 12(b)(6) stage of proceedings, Plaintiff has plausibly pleaded that Defendants are not entitled to qualified immunity under this Court's current precedent.

This Court has ruled time and again that "clearly established" law for the purposes of qualified immunity does not require identical facts to the present matter. Yet that is what Defendants seek here, despite the fact that *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238 (10th Cir. 1999), *Ryan v. City of Shawnee,* 13 F.3d 345 (10th Cir. 1993), *Sturdivant v. Fine*, 22 F.4th 930, 935 (10th Cir. 2022), *McLaurin v. Okla. State Regents for Higher Educ.*, 339 U.S. 637, 642 (1955), and *Brown v. Bd. of Educ. of Topeka*, 349 U.S. 294, 298 (1955) put this issue beyond debate: reasonable school officials should know that sitting on their hands while repeatedly made aware of racially targeted bullying of a student is an Equal Protection violation.

**ARGUMENT**

## I.    Wilson has met the requirements to avoid the application of qualified immunity.

The District Court correctly denied qualified immunity to the individual defendants based on the pleadings in the Amended Complaint. Qualified immunity is a judicial doctrine protecting public officials from liability for violating statutory or constitutional rights that are *not clearly established*. *Sturdivant v. Fine*, 22 F.4th 930, 935 (10th Cir. 2022) quoting, *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Officials, therefore, may incur liability only upon fair notice their conduct is unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

The first step in deciding the issue of qualified immunity is determining whether one could reasonably find a constitutional violation. *Sturdivant* at 935 (quoting *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020)). The second step is determining whether that right was "clearly established" at the time of the conduct at issue and a reasonable person in the official's position would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). If both steps are answered in the affirmative, a defendant is not entitled to qualified immunity.

**A. The Amended Complaint states a violation of Constitutional law.**

Appellants appear to not dispute the first prong of qualified immunity — that the underlying conduct violated Constitutional law — as their argument on interlocutory appeal rests only on the second prong of whether the law was clearly established. However, to be clear, the action — or lack thereof — by Defendants in failing to respond to numerous reports of racial bullying and harassment violated W.B.'s Constitutional rights.

**B. The Constitutional law question involved was clearly established as a matter of Tenth Circuit law and as evaluated by other circuit's law as well as cases from the United States Supreme Court.**

The crux of Appellants' argument is that the law was not clearly established at the time of the conduct at issue, which, if correct, would support the individual defendants' qualified immunity claim. (Aplt. Op. Br. at 10). Appellants first take issue with the fact that the District Court "inferred" a claim of deliberate indifference to the harassment and bullying W.B. faced while enrolled in the school district. (Aplt. Op. Br. at 10) Relatedly, Appellee disagrees with Appellants' stating Wilson "fram[ed] Count II exclusively as a disparate treatment equal protection

claim." (Aplt. Op. Br. at 10) The District Court read Count II of the Amended Complaint as alleging a deprivation of an Equal Protection Clause claim by deliberate indifference to racial harassment. (Appx. at 29) The District Court correctly stated that it was tasked with examining a complaint on its face regardless of whether the parties specifically briefed an issue. *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). (Appx. at 29).

The District Court found that although the Tenth Circuit was silent on the question of whether deliberate indifference to racial harassment was a viable Equal Protection Clause claim, this Circuit had recognized a theory of deliberate indifference to sexual harassment claims. In support, the District Court cited *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1250-51 (10th Cir. 1999), which had cited *Noland v. McAdoo*, 39 F.3d 269, 271 (1994) (Appx. at 30). The District Court noted that other circuits had recognized deliberate indifference claims in the educational setting, citing, *Gant ex rel. Gant v. Wallingford Bd. of Educ.* 195 F. 3d 1234, 140 (2d Cir. 1999) and *Ricketts v. Wake Cnty. Pub. Sch. Sys.*, 125 F.4th 507, 525 (4th Cir. 2025) (Appx. at 30).

Plaintiff further notes that the Sixth Circuit has found individual school administrators were not entitled to qualified immunity for claims that included the Equal Protection Clause when they acted deliberately indifferent to a Jewish student who was severely and pervasively bullied based on her religion and gender. *Shivley v. Green Local School Dist. Bd. of Educ.,* 579 Fed.Appx. 348, 358 (6th Cir. 2014) The *Shively* court followed other circuits that had found that in student-on-student harassment cases the plaintiff must show either that the defendants' intentionally discriminated or acted with deliberate indifference. citing, among others, *Murrell*, at 1249-51, *Shively* at 357. The *Shively* court also cited *Murrell* for the proposition that the Equal Protection right to be free from student-on-student discrimination is well-established. citing, *Murrell* at 1250-52, *Shively* at 358.

The Appellants argue that the District Court had defined this Constitutional right at a high level of generality and was a deficient finding for that reason, citing, *Flores v. Henderson*, 101 F.4th 1185, 1197 (10th Cir. 2024) (Aplt. Op. Br. at 11).

"A right is clearly established … 'when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of

authority from other courts shows that the right must be as the plaintiff maintains.'" *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Here, the plaintiff contends that regardless of which source of law is used – be it the Supreme Court, the Tenth Circuit or other courts – the law's contours are clearly established concerning the plaintiff's Section 1983 claims.

As to fact settings from the applicable precedents, "A previous decision need not be 'materially factually similar or identical to the present case; instead the contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right. *Id.*

"Thus, while a plaintiff does not have to cite a 'case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Leister v. Moore,* 903 F.3d 1127, 1140 (10th Cir. 2018), citing, *White v. Pauly,* 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017). The case law does not require a plaintiff to provide a court with a case directly on point. *White*, S.Ct. at 551. See also, *Hope v. Pelzer*, 536 U.S. 730, 742, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (The court of appeals' conclusion [that qualified immunity

requirements were met] exposes the danger of over reliance on factual similarity.)

Excessive reliance on *White* should be avoided given that it was a Fourth Amendment case. Specificity with respect to the clarity of the establishment of the right in question is especially important in the Fourth Amendment context where the Supreme Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation the officer confronts. *Mullenix v. Luna,* 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015). See also, *Contreras v. Dona Ana Board of County Commissioners,* 965 F.3d 1114, 1135 (10th Cir. 2020) (specificity of prior law with particularized facts is most salient in Fourth Amendment context, and particularly true in excessive force cases.)

The cases that the plaintiff contends clearly establish the Constitutional law in question follows.

1. **It does not matter whether the violation of the Equal Protection Clause occurs because of action or inaction.**

Much of Appellant's argument centers on the incorrect premise that the Tenth Circuit has not established *indifference* as an equal protection violation with regard to racial harassment. (Aplt. Br. at 11, 12). But on a

granular level, it makes no difference whether the Equal Protection violation is due to a state actor's act or omission — the law was clearly established either way.

In the entire progeny of case law pertaining to Equal Protection analysis, there is no distinction between commission and omission. Both forms of conduct can give rise to liability if motivated by discriminatory purpose. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988) (alleging failure to provide adequate police protection to victims of domestic violence) quoting, *Washington v. Davis*, 426 U.S. 229, 241-42 (1976).

Here, Appellee has facially pleaded a claim of deliberate indifference, omission, to racial harassment and bullying that her son suffered while enrolled in the school district. (Appx. at 28). The logic that "deliberate indifference" equates to "omission" is flawless. An "omission" is "A failure to do something, esp. a neglect of duty." BLACK'S LAW DICTIONARY, at 1121, 8th Ed. (2004). At the motion to dismiss stage, this is sufficient to plead an equal protection violation — especially when discovery has not even begun. The case law that clearly establishes racial

harassment as an Equal Protection violation will be explained further, *infra.*

## 2. Tenth Circuit law, including *Murrell* and *Sturdivant,* have clearly established a claim of deprivation of an Equal Protection right based on racial harassment.

The District Court held that, "Because the Tenth Circuit has held racial harassment as violative of a plaintiff's equal protection rights, a reasonable defendant would have known that deliberate indifference to racial harassment violated W.B.'s equal protection rights." (Appx. at 31).

In support, the District Court cited *Ryan v. City of Shawnee*, 13 F.3d 345 (10th Cir. 1993) and *Murrell v. Sch. Dist. No. 1, Denver, Colo.,* 186 F.3d 1238 (10th Cir. 1999) as authority for that conclusion. (Appx. at 31).

In response, the Defendants contend that *Ryan* cannot be precedent for the principle at issue because that case involved a claim of a disparity in treatment by an employer based on race. (Aplt. Op. Br. at 14) Although that point is well taken, the District Court added *Murrell* to support its conclusion with a notation from *Murrell* that identified acts that are clearly established as unconstitutional for state actors because of deliberate indifference. (Appx. at 31, n. 24).

The court in *Murrell* reasoned that,

Applying this test, [that under pre-existing law the unlawfulness must be apparent] the fact that we have said other supervisory municipal employees may be held liable under the Fourteenth Amendment for deliberate indifference to the discriminatory conduct of third parties was sufficient to make apparent the unlawfulness of such deliberate indifference by a school employee exercising supervisory authority over students. *Id.,* at 1251.

It is notable that *Murrell* did not confine its ruling to sex harassment cases. There is no logical reason for concluding that racial harassment cases are somehow not within the universe of cases that is covered by *Murrell.* And, the defendants offer no such argument.

The Defendants argue that, "No Tenth Circuit case recognizes a constitutional violation based on deliberate indifference to student-on-student or other third-party racial harassment." (Aplt. Op. Br. at 14, 15) *Murrell* is at least one such case. *Id.* at 1243 ("... based on the School District's alleged knowledge of and failure to remedy sustained sexual harassment, assault, and battery of Ms. Jones … by one of her fellow students.") As in *Murrell*, part of the conduct in this case involved student-on-student harassment.

Another case is *Sturdivant v. Fine,* 22 F.4th 930 (10th Cir. 2022). *Sturdivant* relied in part on *Ashaheed v. Currington*, 7 4th 1236 (10th Cir. 2021) for the statement that the Equal Protection Clause prohibits

the "intentional, arbitrary and unequal treatment of similarly situated individuals." *Sturdivant,* at 938, quoting, *Ashaheed*, at 1247.

One defendant in *Sturdivant* argued that a precedent relied upon by the district court, *Ramirez v. Department of Corrections,* 222 F.3d 1238, 1243-44 (10th Cir. 2000), involved discrimination against an employee rather than a student. *Sturdivant*, at 938. The court in *Sturdivant* responded to this argument that "the lack of precedent involving a student does not necessarily bear on the clarity of the constitutional right."  citing, *Murrell*, at 1251.

**3. *Starrett* and *Woodward*, by their terms, are not limited to sex harassment cases.**

The Defendants assert that *Starrett v. Wadley*, 876 F.2d 808 (10th Cir. 1989) and *Woodward v. City of Worland,* 977 F.2d 1392 (10th Cir. 1992) have no application to this case because of fact differences as compared with the facts in this case.

Inasmuch as the District Court did not rely directly on either of these cases to support its rulings, the Defendants' arguments on these cases appear to be superfluous to this appeal.

However, in the event either case is somehow pertinent to this Court ruling, the Plaintiff comments on both of these cases.

The significance of the Defendants' citation to *Starrett* appears to be that the court in *Murrell* cited *Starrett* for its ruling that "Denials of equal protection by a municipal entity or any other person acting under color of state law are actionable under 42 U.S.C. Section 1983." *Murrell* at 1249. And, "It is well established in this circuit that sexual harassment by a state actor can constitute a violation of the equal protection clause." *Id.*

It is undisputed that *Starrett* is about claims of sexual harassment. The Plaintiff does not rely directly on this case in this appeal.

Similarly, *Woodward* was a case about allegations of sexual harassment. *Id.* at 1394. The Plaintiff does not rely directly on this case in this appeal, also.

What is apparent is that if one substituted racial harassment for sexual harassment in *Woodward* the same principle carries forward to this case. If the suggestion is that racial harassment should not be as unlawful as sexual harassment, it is not clear why that would be the case. And, the Defendants make no argument to that effect.

Neither *Starrett* nor *Woodward* contains language that cordons off racial harassment from its holdings. This Court should not erect that barrier.

**4. It is not necessary for Wilson to show that the Tenth Circuit has established liability under a deliberate indifference standard for peer racial harassment claims.**

Appellant's argument – that there is no case with facts particularized to the present matter for the purposes of qualified immunity – stretches the doctrine of "case on point" beyond what is necessary to defeat a qualified immunity claim.

"[G]eneral statements of the law are not inherently incapable of giving fair and clear warning" that particular conduct is unconstitutional. *Sturdivant* at 938, quoting *Hope* U.S. at 741. In other words, if conduct is so extreme as to put a reasonable officer on notice that it violates the Constitution, a general constitutional rule can apply even if no court has held the specific conduct in question to be unlawful. *Hope* U.S. at 741, quoting *United States v. Lanier*, 520 U.S. 259, 271 (1997).

The numerous cases cited herein from both this Court and the Supreme Court place the underlying issue in this case beyond debate: At

the time W.B. suffered severe and pervasive racial bullying at the hands of his peers, all reasonable educators and school board members would have understood it to be illegal to sit idly by and do nothing. Thus, the District Court was correct to deny the individual defendants qualified immunity.

### 5. Supreme Court cases, including *Brown*, and cases from other circuits make the asserted Equal Protection claims in this case clearly established.

The purpose of qualified immunity does not include the protection of knowing violations of the law. *Contreras*, 965 F.3d at 1122 (10th Cir. 2020). No reasonable educator or school board member could purport not to know they have a legal duty to intervene when a student and the student's parent reported severe and pervasive racial harassment by his peers and to ensure he was not being deprived of educational benefits or opportunities.

It has been established by the Supreme Court for eighty years that Black students "must receive the same treatment at the hands of the state as students of other races." *McLaurin v. Okla. State Regents for Higher Educ.*, 339 U.S. 637, 642 (1955), see also *Brown v. Bd. of Educ. of Topeka*, 349 U.S. 294, 298 (1955), (holding that the fundamental principle that racial discrimination in public education is unconstitutional).

The contours of the rights asserted in this case have been clearly established. It does not require a law degree for a reasonable educator or school board member to understand the conduct which occurred in the present matter was unconstitutional – nor has a court previously concerned itself with whether a state official has the requisite knowledge to understand how a court may analyze an equal protection claim. This case should not be the first.

II.    **The Appellant requests the court to find that the factual basis for the District Court's ruling was not plausible, but that is an issue that is outside of this Court's jurisdiction in this interlocutory appeal.**

The Appellant argues that, "... Wilson's allegations against the school board members do not state a plausible constitutional claim." (Aplt. Op. Br. at 20). This Court's jurisdiction over the issues is limited. "The denial of qualified immunity to a public official, however, is immediately appealable under the collateral order doctrine to the extent it involves abstract issues of law." *Tachias v. Sanders*, 130 4th 836, 841-42 (10th Cir. 2025), quoting, *Sawyers v. Norton*, 962 F.3d 1270, 1281 (10th Cir. 2020).

The Appellee does not dispute that this case is before the court under the collateral order doctrine. (Aplt. Op. Br. at 1, 2), citing, *Behrens*

*v. Pelletier*, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996), along with Tenth Circuit precedent. This Court has "jurisdiction to review a denial of qualified immunity" "[t]o the extent an appeal turns on an abstract issue of law." *Ellis v. Salt Lake City Corporation,* 147 F.4th 1206, 1219 (10th Cir. 2025), quoting, *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013). In contrast, the Court "generally lacks jurisdiction to review factual disputes in this interlocutory posture. *Ellis*, *Id.*, quoting, *Teetz ex rel. Lofton v. Stepien*, 142 F.4th 705, 718 (10th Cir. 2025). As a rule, the Court lacks interlocutory jurisdiction to review … "whether the plaintiff's evidence is sufficient to support a particular factual inference." *Ellis, Id.*, at 1221, quoting, *Duda v. Elder*, 7 4th 899, 909 (10th Cir. 2021).

In the event the Court determines that it does have jurisdiction over this issue, the Appellant suggests that it should adopt the District Court's analysis of this issue.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

556, (2007). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (internal citation omitted). Those cases represent a middle ground between heightened fact pleading and labels, conclusions and formulaic recitations of the elements of a cause of action. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

"So, for example, if a district court concludes that a reasonable jury could find certain specified facts in favor of the plaintiff, the Supreme Court has indicated we usually must take them as true – and do so even if our own *de novo* review of the record might suggest otherwise as a matter of law." *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (Gorsuch, J.).

Here, the District Court correctly found that Plaintiff plausibly alleged a violation of the Equal Protection Clause of the Fourteenth Amendment. (Appx. at 29). Because racial slurs are a form of harassment that violate a plaintiff's Equal Protection rights, *Ryan v. City of Shawnee*, 13 F.3d 345, 346, 349-50 (10th Cir. 1993), and the Amended Complaint pleaded with particularity when Plaintiff and her son reported the bullying to each individual Defendant, the Court found that Plaintiff

plausibly alleged an Equal Protection violation. (Appx. at 30-31). Though this Court's standard of review on interlocutory appeal is indeed *de novo*, the Court still must take all well-pleaded allegations at this stage of the process as true and in the light most favorable to the plaintiff. *Cummings v. Dean*, 913 F.3d 1227 (10th Cir. 2019), quoting *Schrock v. Wyeth, Inc.* 727 F.3d 1273, 1280 (10th Cir. 2013).

The District Court found that the Plaintiff had met her burden to plausibly allege an Equal Protection violation. (Appx. at 30, 31) The District Court also found that the Plaintiff had plausibly pled a violation of her son's clearly established rights. (Appx. at 31) This is all that is necessary at this stage of the case for the Appellee to proceed.

## CONCLUSION

The District Court correctly recognized the constitutional matter in this case for what it is: clearly established and beyond doubt. Multiple Tenth Circuit and Supreme Court decisions clearly establish that an educator or school board member sitting on their hands while a student is severely and pervasively racially bullied is a constitutional violation.

The individual defendants are not entitled to qualified immunity, and this Court should affirm the District Court's denial of qualified immunity on the Equal Protection claim, and remand the case for further proceedings consistent with the District Court's opinion.

## STATEMENT OF COUNSEL AS TO ORAL ARGUMENT

The applicable law as applied to the facts of this case is worthy of careful and discerning review, and Appellee requests oral argument to assist with input in the Court's consideration of all issues.

Respectfully submitted,

**GRISSOM MILLER LAW FIRM, LLC**

*/s/ Conner Mitchell*
Conner Mitchell, Dist. Bar No. 76708
Barry R. Grissom, Ks. Bar No. 10866
Jake Miller, Ks. Bar No. 28337
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
cam@grissommiller.com
barry@grissommiller.com
jake@grissommiller.com

**LICKTEIG LAW FIRM, LLC**

*/s/ Theodore J. Lickteig*
Theodore J. Lickteig, Ks. Bar No. 12977
12760 W 87th Street, Ste. 112
Lenexa, KS 66215
T – 913-894-1090
ted@lickteiglaw.com

***Attorneys for Appellee/Plaintiff***


## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 3,840 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(b).


This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface of 14-point Century Schoolbook.


*/s/ Conner Mitchell*
Conner Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I electronically filed the foregoing **Appellee's Opening Brief** with the Clerk of the Tenth Circuit Court of Appeals via the Court's CM/ECF system, thereby providing notice and a copy of the same to all participants in the case.

*/s/ Conner Mitchell*
Conner Mitchell