No. 25-3139

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

**DORLIA WILSON, as next friend of minor child, W.B.**

Plaintiff/Appellee

v.

**CHARLIE STOLTENBERG, et al.**

Defendants/Appellants
_____

**APPELLANTS' REPLY BRIEF**
_____

Appeal from the United States District Court for the District of Kansas
Honorable Eric F. Melgren
Case No. 2:24-cv-02375-EFM-RES
_____

Alex S. Gilmore, KS #27334
Andrew D. Holder, KS #25456
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
9393 W 110th St, Ste 300
Overland Park, KS 66210
(913) 339-6757 | (913) 660-7919 – fax
agilmore@fpsslaw.com | aholder@fpsslaw.com
**Attorneys for Appellants**

<u>ORAL ARGUMENT REQUESTED</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

ARGUMENT ........................................................................................ 1

I. Wilson's Brief confirms that the law was not clearly established. ........................................................................................ 1

A. *Murrell* and *Sturdivant* do not clearly establish liability for deliberate indifference to racial peer harassment. ................ 1

   i. *Murrell* does not recognize a general Fourteenth Amendment deliberate indifference theory beyond sexual harassment cases. ........................................................ 1

   ii. *Sturdivant* does not establish or even address an Equal Protection claim for racial harassment based on deliberate indifference. ........................................................ 3

B. *Starrett* and *Woodward* cannot be extended to racial harassment by substitution. ..................................................... 5

C. Out-of-circuit authority confirms the absence of clearly established law. ............................................................................ 6

D. Qualified immunity bars liability based on obviousness where no such claim exists. ........................................................ 8

E. *Brown* and *McLaurin* do not clearly establish a duty to remedy peer harassment through deliberate indifference. 9

II. This Court has jurisdiction to review both prongs of qualified immunity on interlocutory appeal. ....................... 10

CONCLUSION .................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Ashaheed v. Currington*, 7 4th 1236 (10th Cir. 2021) ............................. 3

*Brown v. Bd. of Edu. of Topeka*, 349 U.S. 294 (1955) ......................... 9, 10

*Hope v. Pelzer*, 536 U.S. 730 (2002) ....................................................... 8

*Lowe v. Raemisch*, 864 F.3d 1205, 1207 (10th Cir. 2017) ................. 10, 11

*McLaurin v. Okla. State Regents for Higher Edu.*, 339 U.S. 637 (1955) . 9, 10

*Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238 (10th Cir. 1999) ............................................................................................................... 1

*Ramirez v. Dep't of Corr.*, 222 F.3d 1238 (10th Cir. 2000) ...................... 4

*Shively v. Green Local School Dist. Bd. of Edu.*, 579 F.App'x 348 (6th Cir. 2014) ...................................................................................................... 7

*Starrett v. Wadley*, 876 F.2d 808 (10th Cir. 1989) ................................... 2

*Stiles ex rel. D.S. v. Grainger County*, 819 F.3d 834 (6th Cir. 2016) ....... 7

*Sturdivant v. Fine*, 22 F.4th 930 (10th Cir. 2022) ................................... 1

*Truman v. Orem City*, 1 F.4th 1227, 1240 (10th Cir. 2021) .................... 8

*United States v. Lanier*, 520 U.S. 259 (1997) .......................................... 8

*Woodward v. City of Worland*, 977 F.2d 1392 (10th Cir. 1992) ............... 2

# ARGUMENT

## I. Wilson's Brief confirms that the law was not clearly established.

Wilson's response does not identify a single Supreme Court or Tenth Circuit decision holding that deliberate indifference to peer racial bullying violates equal protection. Instead, Wilson relies on sexual harassment precedent, disparate treatment cases and a small number of out-of-circuit decisions applying materially different standards. None satisfies the beyond debate requirement for overcoming qualified immunity.

### A. *Murrell* and *Sturdivant* do not clearly establish liability for deliberate indifference to racial peer harassment.

Wilson relies on *Murrell* and *Sturdivant* to argue that the asserted right was clearly established. Appellee Br. pp. 9-11. Neither case supports that conclusion.

#### i. *Murrell* does not recognize a general Fourteenth Amendment deliberate indifference theory beyond sexual harassment cases.

Wilson places substantial weight on a single passage in *Murrell*, arguing that it broadly extends Equal Protection liability for deliberate indifference to discriminatory conduct by third parties beyond sexual

1

harassment claims. Appellee Br. pp. 9-10. That reading overstates what *Murrell* held and misunderstands why qualified immunity applies here. Read in context, this language does not announce a freestanding, cross category rule that deliberate indifference to any form of third party discrimination violates the Equal Protection Clause. Rather, *Murrell* applied an existing sex-based Equal Protection framework, as developed in *Starrett* and *Woodward,* to the specific context of sexual harassment and sexual assault in schools. Critically, every predicate case *Murrell* relied upon involved sex-based discrimination. The "other supervisory municipal employees" referenced in the quoted passage were supervisors in sexual harassment cases. *Murrell* did not cite any Tenth Circuit precedent recognizing deliberate indifference to racial harassment.

Wilson's argument treats *Murrell's* reasoning as if it detached deliberate indifference from its sex discrimination roots and transformed it into a general Equal Protection doctrine applicable across all protected classes. The Tenth Circuit has never taken that step. Even if *Murrell's* reasoning could be extended to racial harassment as a matter of first impression, that possibility does not defeat qualified immunity. Indeed,

qualified immunity turns on what courts have actually held, not on how broadly a litigant believes a rationale could be extended.

>    ii.  ***Sturdivant* does not establish or even address an Equal Protection claim for racial harassment based on deliberate indifference.**

Wilson next relies on *Sturdivant v. Fine*, 22 F.4th 930 (10th Cir. 2022) to seemingly argue that the absence of precedent involving student-on-student racial harassment does not preclude clearly established law. Appellee Br. pp. 10-11. That reliance misreads *Sturdivant* and reframes Individual Defendants' argument into something it is not.

At the outset, Wilson cites *Ashaheed v. Currington*, 7 4th 1236 (10th Cir. 2021) for the uncontroversial proposition that Equal Protection prohibits "intentional, arbitrary and unequal treatment of similarly situated individuals." Appellee Br. p. 11. That statement does not advance Wilson's position. The issue here is not the general definition of an Equal Protection violation, but whether the Tenth Circuit has recognized deliberate indifference to racial harassment by third parties as a means of satisfying that standard.

Wilson's more substantive reliance on *Sturdivant* focuses on the Tenth Circuit's response to an argument that precedent cited by the district court, *Ramirez v. Dep't of Corr.*, 222 F.3d 1238 (10th Cir. 2000), involved employment discrimination rather than discrimination against a student. On appeal, the defendant argued that *Ramirez* could not clearly establish the law because it arose in the employment context. *Sturdivant*, 22 F.4th at 938. The Tenth Circuit rejected that the lack of a student-specific precedent did not necessarily undermine the clarity of the constitutional right, citing *Murrell*, because the type of claim was already recognized; only the factual setting differed. *Id*. That holding does not aid Wilson here.

Wilson attempts to use *Sturdivant* to suggest that Individual Defendants are improperly insisting on a student-specific precedent. That mischaracterizes Individual Defendants' position. Individual Defendants' do not argue that clearly established law is lacking merely because prior cases involved employees rather than students. Individual Defendants argue that clearly established law is lacking because the Tenth Circuit has never recognized an Equal Protection claim for racial harassment based on deliberate indifference at all in any context.

4

That distinction is decisive. In *Sturdivant*, the court addressed a recognized Equal Protection theory applied in a new factual setting. Here, Wilson advances a different theory of liability, deliberate indifference to third party racial harassment, that the Tenth Circuit has never recognized in any setting. *Sturdivant* does not stand for the proposition that courts may infer new Equal Protection theories simply because related doctrines exist in other contexts. Qualified immunity prohibits precisely that kind of doctrinal leap. Unlike sex-based Equal Protection claims, where this Court has long treated knowing acquiescence as a form of intentional discrimination, race-based Equal Protection claims have consistently required proof of purposeful disparate treatment by the defendant itself. Because the Tenth Circuit has never recognized an Equal Protection claim for racial harassment based on deliberate indifference, by school officials or otherwise, the Individual Defendants lacked fair notice that their alleged inaction violated the Constitution.

### B. *Starrett* and *Woodward* cannot be extended to racial harassment by substitution.

Wilson expressly disclaims reliance on *Starrett* and *Woodward* as controlling authority, but then urges this Court to simply substitute

5

racial harassment for sexual harassment in *Woodward* and apply the same Equal Protection rule here. Appellee Br. pp. 11-13. That argument misunderstands qualified immunity. Substituting one protected class for another is not an application of clearly established law to new facts; it's a doctrinal expansion of constitutional liability.

Qualified immunity allows courts to apply existing constitutional rules to different factual settings where the same legal theory has already been recognized. It does not permit courts to extend a legal theory from one protected class to another when the circuit has never recognized that theory in the new context. If this Court must decide whether racial harassment should be treated the same as sexual harassment for purposes of deliberate indifference, then the law was not beyond debate at the time of the alleged conduct. Qualified immunity bars retroactive constitutional innovation, even where the proposed extension may appear logical or desirable.

### C. Out-of-circuit authority confirms the absence of clearly established law.

While not squarely addressed in Appellee's Brief, Wilson argues that other circuit's law further supports a finding of clearly established law, relying in part on an unpublished Sixth Circuit case, *Shively v.*

*Green Local School Dist. Bd. of Edu.*, 579 F.App'x 348 (6th Cir. 2014). While *Shively* does reflect the Sixth Circuit's view that a plaintiff may state an Equal Protection claim by alleging either intentional discrimination or deliberate indifference to known peer harassment, that holding does not clearly establish the law for purposes of this case.

First, *Shively* is an unpublished, nonprecedential decision. Even within the Sixth Circuit, it does not bind future panels, let alone officials in the Tenth Circuit.

Second, *Shively* confirms, rather than resolves, the existence of a circuit split. The Sixth Circuit's approach differs from that of other circuits, including those that require deliberate indifference to serve only as circumstantial evidence of discriminatory intent, rather than as an independent constitutional violation. *See, e.g., Stiles ex rel. D.S. v. Grainger County*, 819 F.3d 834 (6th Cir. 2016). As Individual Defendants explained in their Opening Brief, courts have articulated materially different standards governing when, and whether, deliberate indifference of racial harassment suffices under the Equal Protection clause. Appellants' Br. pp. 15-20. Where circuits disagree not only on outcomes but on whether deliberate indifference constitutes a

7

constitutional violation or merely evidence of intent, qualified immunity necessarily applies.

### D. Qualified immunity bars liability based on obviousness where no such claim exists.

Wilson next argues that it is unnecessary to show that the Tenth Circuit has established liability under a deliberate indifference standard for racial harassment because the alleged conduct was so extreme that all reasonable educators would have understood it was unlawful to do nothing, relying on *Hope v. Pelzer*, 536 U.S. 730 (2002) and *United States v. Lanier*, 520 U.S. 259 (1997). Appellee Br. pp. 13-14. That argument fails for a simple reason: this case does not involve an obvious violation of a settled constitutional rule, but the assertion of a novel Equal Protection theory the Tenth Circuit has never recognized. The obviousness exception applies where the conduct plainly violates an established constitutional prohibition, not where liability depends on extending doctrine into a new category. *See Hope*, 536 U.S. at 741 (explaining that "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question."); *Truman v. Orem City*, 1 F.4th 1227, 1240 (10th Cir. 2021) ("The right not to be deprived of liberty as a result of the fabrication of

evidence by a government officer is a general constitutional rule identified in decisional law prior to the prosecutor's conduct."). Where reasonable jurists and entire circuits disagree on whether such a claim exists at all, the unlawfulness of the alleged inaction cannot be said to be obvious.

**E. *Brown* and *McLaurin* do not clearly establish a duty to remedy peer harassment through deliberate indifference.**

Wilson relies on *McLaurin v. Okla. State Regents for Higher Edu.*, 339 U.S. 637 (1955) and *Brown v. Bd. of Edu. of Topeka*, 349 U.S. 294 (1955) to argue that no reasonable educator or school board member could fail to know they had a legal duty to act when a student and parent reported severe and persuasive racial harassment. Appellee Br. pp. 14-15. That argument misstates what those cases clearly established.

*Brown* and *McLaurin* involved affirmative, government-imposed racial segregation. These cases involved intentional governmental action that directly denied students equal educational access based on race. Those cases stand for the foundational principle that the government may not itself discriminate on the basis of race. They do not address peer harassment, third party misconduct or the scope of school official's constitutional obligations in responding to student speech.

9

Wilson's theory depends on converting this settled prohibition against direct racial discrimination into a constitutional duty to prevent or remedy racial harassment by other students under a deliberate indifference framework. Neither *Brown* nor *McLaurin* recognizes such a duty and neither would have put reasonable officials on notice that inaction in this context constituted an Equal Protection violation.

**II. This Court has jurisdiction to review both prongs of qualified immunity on interlocutory appeal.**

Wilson argues that the scope of this interlocutory appeal is limited to whether the law was clearly established and that the Court may not examine the factual or pleading basis underlying the District Court's denial of qualified immunity. Appellee Br. pp. 15-18. That framing is incorrect.

Individual Defendants properly invoked appellate jurisdiction under the collateral order doctrine to challenge the denial of qualified immunity. In that posture, this Court reviews the qualified immunity determination *de novo* and may consider both prongs of the analysis so long as the appeal raises legal, not factual, questions. *Lowe v. Raemisch*, 864 F.3d 1205, 1207 (10th Cir. 2017) (rejecting the argument that the Tenth Circuit lacked jurisdiction under the collateral-order doctrine,

explaining that challenges to the legal sufficiency of a complaint raise pure questions of law appropriate for interlocutory review of qualified immunity).

Here, Individual Defendants do not ask the Court to reweigh evidence or resolve disputed facts. They accept the allegations as pleaded and argue, as a matter of law, that those allegations fail to establish personal participation or unconstitutional conduct by the school board members. That is a legal sufficiency question squarely within this Court's jurisdiction on interlocutory review. *Lowe*, 864 F.3d at 1207.

Accordingly, even assuming arguendo that the asserted right was clearly established, the school board members are independently entitled to qualified immunity under prong one because the Amended Complaint does not plausibly allege their personal participation in any constitutional violation. As pleaded, the only allegation directed at the board members is that they received a single email reporting concerns about bullying. A.14. The Amended Complaint provides no specific details, including identification of the perpetrators, incidents or dates of purported conduct that was provided in the email. *Id.* Nothing in the Amended Complaint could plausibly put the board members on notice of

11

ongoing unconstitutional conduct requiring their intervention. Nor does Wilson's Brief provide any analysis explaining how the mere receipt of a generalized communication, without more, constitutes deliberate indifference or intentional discrimination. Qualified immunity requires dismissal of the board members under prong one.

## CONCLUSION

Appellee's Brief confirms the core defect in the District Court's ruling. The court recognized a constitutional theory that this Court has never adopted and denied qualified immunity based on doctrinal extension rather than clearly established law. No Supreme Court or Tenth Circuit decision has recognized an Equal Protection claim based on deliberate indifference to peer racial harassment and Appellee's reliance on sexual harassment precedent, disparate treatment cases and divided out-of-circuit authority cannot supply what governing law has not yet established. Appellee's efforts to reframe the issues do not cure that absence.

Accordingly, this Court should reverse the District Court's denial of qualified immunity on the Equal Protection claim, hold that the Individual Defendants are entitled to qualified immunity as a matter of

law, dismiss that claim and remand for further proceedings consistent with this Court's opinion.

Respectfully submitted,

 /s/ Alex S. Gilmore
Alex S. Gilmore, KS #27334
Andrew D. Holder, KS #25456
Fisher, Patterson, Sayler & Smith, LLP
9393 W 110th St, Ste 300
Overland Park, KS 66210
(913) 339-6757 | (913) 660-7919 – fax
agilmore@fpsslaw.com
aholder@fpsslaw.com
**Attorneys for Appellants / Defendants**

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 2,190 words, excluding the parts of the brief exempted by Fed. R. Aplt. P. 32(f) and 10th Cir. R. 32(b).

This brief complies with the typeface requirements of Fed. R. Aplt. P. 32(a)(5) and the type style requirements of Fed. R. Aplt. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface—14-point Century Schoolbook.

/s/ Alex S. Gilmore
Alex S. Gilmore, KS #27334
Andrew D. Holder, KS #25456
Fisher, Patterson, Sayler & Smith, LLP
9393 W 110th St, Ste 300
Overland Park, KS 66210
(913) 339-6757 | (913) 660-7919 – fax
agilmore@fpsslaw.com
aholder@fpsslaw.com
**Attorneys for Appellants / Defendants**

# CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2026, I electronically filed the foregoing **Appellants' Reply Brief** with the Clerk of the Tenth Circuit Court of Appeals by using the court's CM/ECF system. I certify that that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Alex S. Gilmore
Alex S. Gilmore